**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| V.Y., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NJ, *et al.*, <br><br> Defendants. | Civil Action No. 23-23343 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Ewing Police Department's ("Defendant") Motion to Dismiss Plaintiff V.Y.'s ("Plaintiff") Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (ECF No. 11.) Plaintiff did not oppose the Motion. The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants Defendant's Motion.

**I.   BACKGROUND**

Plaintiff, appearing pro se, filed her form Complaint on December 26, 2023. (ECF No. 1.) Plaintiff alleges that, on February 8, 2023, "[D]efendant negligently fail[ed] to protect [P]laintiff's property" and failed to investigate or take actions which "caused . . . [P]laintiff's loss." (Compl.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

\*3, ECF No. 1.)[2] Plaintiff further alleges a "loss of property" and seeks "[j]udg[]ment against the [D]efendants for . . . $1.3 million." (*Id.* at \*4.)

Plaintiff, however, left the jurisdiction section ("Section II") of the standard form Complaint blank. (*See id.* at \*2-3.) Section II of the standard form Complaint begins by explaining that "[f]ederal courts are courts of limited jurisdiction" and lists multiple bases for federal jurisdiction, allowing the filer to check a box next to the applicable basis for jurisdiction. (*Id.* at \*2-3.) Plaintiff did not check any of the boxes. (*See id.* at \*2.) Section II continues by providing blank fields for plaintiffs to list the federal constitutional, statutory, or treaty rights that were allegedly violated or the list of the states of citizenship for the parties to allege diversity jurisdiction. (*Id.* at \*2-3.) Plaintiff left those fields blank as well. (*See id.*)

In lieu of filing an answer, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6), arguing that it should be dismissed because, among other issues, the Complaint "fail[s] to indicate a basis for jurisdiction" (Def.'s Moving Br. 3, ECF No. 11-2) and "does not contain sufficient factual matter to indicate that a claim for relief is 'plausible'" (*id.* at 4-5).

## II. LEGAL STANDARD

Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A defendant may move to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(l), (h)(3). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject-matter jurisdiction, all other defenses and objections become moot."

---

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

2

*Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject[-]matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a "facial" attack or a "factual" attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court "may dismiss the

complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject[-]matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)). Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

In matters where a plaintiff proceeds pro se, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.   DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint because it "fail[s] to indicate a basis for jurisdiction" (Def.'s Moving Br. 3) and "does not contain sufficient factual matter to indicate that a claim for relief is 'plausible'" (*id.* at 4-5). The Court agrees.

At the outset, the Court notes that, since Defendant has not filed an answer or contested the Complaint's factual allegations (*see generally id.*), Defendant's motion is considered a facial challenge. *Const. Party of Pa.*, 757 F.3d at 358 (explaining that a factual challenge requires a defendant to answer or "otherwise contest the factual allegations in the complaint"). As such, accepting the allegations of the Complaint as true, the Court will consider whether it "appears to a

4

certainty that the [P]laintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G.*, 559 F. Supp. 2d at 491 (explaining the standard for a facial challenge); *Gould Elecs.*, 220 F.3d at 176 (explaining that, under a facial attack, a court must view the allegations in the light most favorable to plaintiff).

"A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)). Plaintiff, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that the party who invokes the jurisdiction of a federal court has the burden of demonstrating the court's jurisdiction).

Here, the Court finds that Plaintiff fails to meet her burden in establishing subject-matter jurisdiction. To begin, Plaintiff utilizes the Court's standard complaint form to allege that she has been injured by Defendant's "failure to protect . . . civilian property." (Compl. *3.) Plaintiff's Complaint, however, is incomplete. That is, Plaintiff fails to set forth a basis for this Court's jurisdiction. (*See id.* at *2-3.) Plaintiff neither checked the box next to "Federal Questions" nor checked the box next to "Diversity of Citizenship" on the form Complaint. (*See id.*) Notwithstanding this, Plaintiff's Complaint includes bare allegations that make this Court unable to determine whether—federal question or diversity—subject-matter jurisdiction exists. *See Lentz v. Murphy*, No. 23-22489, 2024 WL 1857405, at *2 (D.N.J. Apr. 29, 2024) (explaining that a court must consider whether both federal question and diversity subject-matter jurisdiction exist from

5

the plaintiff's allegations where a pro se plaintiff filed a form complaint that left Section II completely blank).

Because Plaintiff failed to indicate a basis for jurisdiction in the Complaint, the Court first considers whether federal question subject-matter jurisdiction exists. To be sure, "[f]ederal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller*, 424 F. App'x at 83. To invoke federal question subject-matter jurisdiction, the action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, on the face of the Complaint, the Court is unable to discern whether Plaintiff's allegations of failure to protect arise under "the Constitution, laws, or treaties of the United States." *Id.* Instead, Plaintiff's bare allegations could reasonably be interpreted to raise a negligence cause of action, and if so, it would fall squarely within a state law cause of action. Because it is unclear from the face of the Complaint whether a federal question exists, Plaintiff has failed to meet her burden in establishing federal question subject-matter jurisdiction.

Next, the Court considers whether diversity subject-matter jurisdiction exists. To invoke diversity subject-matter jurisdiction, Plaintiff must show both "complete diversity of citizenship between the parties" and over $75,000 in controversy. *Schneller*, 387 F. App'x at 292 (citing 28 U.S.C. § 1332(a)). Setting aside the blank Section II, which did not assert the citizenship of the parties (*see* Compl. *3), the Complaint lists New Jersey addresses for all parties in Section II under "[p]arties in this complaint" (*id.* at *1-2). While the Complaint does allege an amount in controversy over $75,000, (*id.* at *4 ("Judg[]ment against the [D]efendants for . . . $1.3 million")), there can be no subject-matter jurisdiction where Plaintiff has failed to satisfy the requirement for diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (finding that the court lacked subject-matter jurisdiction where the amount

in controversy was properly alleged, but there was no diversity of citizenship between the parties). As such, Plaintiff fails to meet her burden in establishing diversity subject-matter jurisdiction.

Because the Court lacks subject-matter jurisdiction, it will not consider Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 293 (3d Cir. 2007) (declining to reach the merits of a party's claims because of a lack of subject-matter jurisdiction); *Ibrahim v. Wells Fargo Bank, N.A.*, No. 19-13601, 2024 WL 4251477, at *1 (D.N.J. July 24, 2020) (declining to reach a Rule 12(b)(6) motion because the court granted a Rule 12(b)(1) motion); *Pue v. N.J. Dep't of Lab.*, No. 23-855, 2023 WL 5671561, at *7 (D.N.J. Sept. 1, 2020) (declining to "render[] any opinion as to the merits" of defendant's Rule 12(b)(6) motion because the court lacked subject-matter jurisdiction).

## IV. CONCLUSION

For the above reasons, the Court grants Defendant's Motion to Dismiss for lack of subject-matter jurisdiction. Plaintiff's Complaint is dismissed without prejudice. An appropriate order will follow this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE