**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| V.Y., Plaintiff, v. STATE OF NEW JERSEY, *et al.*, Defendants. | Civil Action No. 23-23343 (MAS) (TJB) **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Ewing Police Department's ("Defendant") Motion to Dismiss (ECF No. 16) Plaintiff V.Y.'s ("Plaintiff") Amended Complaint (ECF No. 15) pursuant to Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6). Plaintiff failed to file an opposition by the original deadline. Out of an abundance of caution, the Court provided Plaintiff three additional opportunities to file an opposition. (*See* ECF Nos. 17, 19, 20.) Plaintiff, however, did not file an opposition. The Court has carefully considered Defendant's submission and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants Defendant's Motion.

Plaintiff, proceeding *pro se*, filed the original Complaint on December 26, 2023. (Compl., ECF No. 1.) Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Def.'s Mot. to Dismiss Compl., ECF No. 11.) The Court granted Defendant's motion under Rule

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

12(b)(1) and dismissed the Complaint without prejudice. (Mem. Op., ECF No. 13; Order, ECF No. 14.)

Plaintiff thereafter filed the operative Amended Complaint. (Am. Compl., ECF No. 15.) The Amended Complaint's factual allegations are substantially unchanged from those in the original Complaint. (*Compare* Am. Compl. *with* Compl.) Plaintiff alleges that, on February 8, 2023, "[D]efendant negligently fail[ed] to protect [P]laintiff's property" and failed to investigate or otherwise act, thereby "caus[ing] . . . [P]laintiff's loss." (Am. Compl. 3.) Plaintiff identifies the injury as "[l]oss of property" and seeks $1.3 million in damages. (*Id.* at 4.) Unlike the original Complaint, the Amended Complaint identifies "Federal Questions" and "U.S. Government Defendant" in the "basis for federal court jurisdiction" section. (*Id.* at 2.) Plaintiff identifies the bases for jurisdiction as 42 U.S.C. §§ 1983, 1984[2], and 1985, and alleges that the "State directly or indirectly[,] presumably through its Ewing Municipal employee John Doe[,] took [P]laintiff's private property for public use," entitling Plaintiff to just compensation under the Constitution. (*Id.*)

Defendant now moves to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Def.'s Mot. to Dismiss Am. Compl., ECF No. 16.) Defendant argues that the Amended

[2] The Court notes that Section 1984 has been omitted from the United States Code and therefore provides no basis for relief. *See* 42 U.S.C. § 1984. Plaintiff, accordingly, cannot bring a claim under that provision.

Complaint fails to establish subject-matter jurisdiction[3] and, "even with liberal construction and every positive inference affordable," does not plead a plausible cause of action. (Def.'s Moving Br. 4-12, ECF No. 16-2.) The Court first addresses whether Plaintiff has adequately alleged a claim under Section 1983.

To state a claim under Section 1983, "a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a 'person' acting under color of state law." *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Ewing Police Department, however, is not a "person" subject to suit under Section 1983.[4] *See Moore v. Hamilton Twp. Police Dep't*, No. 19-21430, 2020 WL 3287141, at *3 (D.N.J. June 18, 2020) ("[I]t is well-settled that a police department is not a 'person' amenable to suit under § 1983." (citation omitted)). Rather, the Third Circuit has recognized that a municipal police

---

[3] The Court rejects this argument. Federal courts have jurisdiction under 28 U.S.C. § 1331 when a federal claim appears on the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the Amended Complaint presents a federal question sufficient to invoke the Court's subject-matter jurisdiction because Plaintiff: (1) identifies both 42 U.S.C. §§ 1983 and 1985 as bases for jurisdiction; and (2) alleges that the State, through a municipal employee, took her private property for public use without just compensation. *See Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897-99 (3d Cir. 1987) (explaining that, once a plaintiff alleges conduct violating federal law, whether the pleaded facts establish a violation ordinarily presents a merits question rather than a jurisdictional one).

[4] The Court notes that the other named defendant, the State of New Jersey, is also not a "person" subject to suit under Section 1983. *Serrano v. New Jersey*, No. 13-2898, 2014 WL 310178, at *2 (D.N.J. Jan. 24, 2014) ("Section 1983 does not abrogate New Jersey's Eleventh Amendment immunity."); *see also Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *6 (D.N.J. Apr. 19, 2012) ("Section 1983 does not override a state's Eleventh Amendment immunity." (citing *Quern v. Jordan*, 440 U.S. 332 (1979))); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that states are not "persons" under § 1983). For this reason, the Section 1983 claim fails against the State of New Jersey as well. *See Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 n.3 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citations omitted)).

department is "merely an administrative arm of the local municipality" rather than a separate legal entity subject to suit. *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (citation omitted); *see also Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."). For this reason alone, Plaintiff's Section 1983 claim must fail.[5]

Plaintiff next identifies 42 U.S.C. § 1985 as a basis for their claim. (Am. Compl. 2.) "Section 1985 does not itself create any substantive rights, but rather 'creates a cause of action under rather limited circumstances against both private and state actors'" for conspiring to violate rights protected by the Constitution and federal statutes. *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 604 (D.N.J. 2002) (first quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001); and then citing *White v. Williams*, 179 F. Supp. 2d 405, 421 (D.N.J. 2002)).

> For a Section 1985 claim to survive a motion to dismiss, a plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."

*Id.* (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)). Here, the Amended Complaint does not allege the existence of any conspiracy, much less facts satisfying the remaining elements

---

[5] Even if Plaintiff had named a proper defendant, the Amended Complaint fails to allege facts regarding an underlying constitutional violation. The Takings Clause prohibits the government from taking private property for public use without just compensation. U.S. Const. amend. V. Here, Plaintiff generally alleges that the "State . . . took [P]laintiff's property for public use and [P]laintiff is entitled for [*sic*] just compensation under[ the Takings Clause] to the [C]onstitution." (Am. Compl. 2.) The Amended Complaint, however, does not identify the property allegedly taken, who took it, the conduct constituting the taking, the purported public use, or the denial of just compensation. (*See generally id.*) Without more, Plaintiff fails to state a claim under Section 1983 against either named defendant.

of a Section 1985 claim. (*See generally* Am. Compl.). Plaintiff therefore fails to state a claim under Section 1985 against Defendant.[6]

Based on the foregoing,

**IT IS**, on this 28th day of July, 2026, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**.
2. Plaintiff's Amended Complaint (ECF No. 15) is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff shall be afforded an opportunity to file an amended complaint to address the deficiencies identified in the accompanying Memorandum Opinion. Plaintiff has **forty-five (45)** days from the date of this Order to file an amended complaint.
4. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[6] For the same reasons, Plaintiff also fails to state a Section 1985 claim against the State of New Jersey. *See Malat*, 2020 WL 2553858, at *2 n.3.